# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ISLOM SHUKHRAT UGLI KUDRATOV,  )
  )
    Petitioner,  )
  )
v.  )  Case No. CIV-26-83-SLP
  )
MARK SIEGEL, et al.,  )
  )
    Respondents.  )

## <u>O R D E R</u>

Petitioner, Islom Shukhrat Ugli Kudratov, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 12] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 13], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court adopts the R&R and grants, in part, the Petition.

Petitioner is a citizen of Uzbekistan. Petitioner entered the United States over two years ago. Petitioner previously filed a Form I-589 Application for Asylum, although the timing and disposition of such application is unclear from the record.

Petitioner was detained on January 9, 2026.[1]  Petitioner has been continuously detained without a bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A).

On January 18, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claims.[2]

---

[1] Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 4, 2026).

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process claim and the Court concurs with that recommendation and dismisses such claim without prejudice.

First, Respondents object to the overall conclusion of the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A). The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the arguments raised in the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues. The Court's decision is also in accord with the Second Circuit and Seventh Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents. *See generally Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. April 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

Second, Respondents object to the R&R's conclusion that Petitioner's application for asylum had no effect on which statute controlled Petitioner's detention. Respondents assert that Petitioner's filing of an application for asylum equates to seeking admission under § 1225(b)(2). The Court finds Respondents' position unpersuasive. The Second Circuit recently addressed this issue and found that actions, such as the filing of an application for asylum, are requests for "non-admission forms of relief" and do not deem non-citizens residing in the country as "seeking admission." *See Cunha*, 2026 WL 1146044 at *7. The holding in *Cunha* is consistent with numerous district courts decisions in this district and outside of this district. *See, e.g., Singh v. Bondi*, No. CIV-26-43-J, 2026

3

WL 483482, at *2 (W.D. Okla. Feb. 20, 2026); *Merchan-Pacheo v. Noem*, No. 1:25-cv-3860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026); *Issahaku v. Olson*, --- F. Supp. 3d. ---, 2025 WL 3539290, at *5 (E.D. Ky. Dec. 10, 2025). For these reasons, the Court finds that Petitioner's application for asylum does not render him seeking admission under § 1225(b)(2). Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in PART and the Petition [Doc. No. 1] is GRANTED in PART. The Court DIRECTS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The Court finds no further relief is warranted.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 5th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If the Petitioner seeks the recovery of fees and costs under the Equal Access to Justice Act as a prevailing party, he must seek those separately after the entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).